AMERICAN CIVIL LIBERTIES UNION )
OF TENNESSEE; JANE DOE as the Natural )
Parent and Next Friend of her Minor Children )
HARLEY DOE, TAYLOR DOE, and HUNTER )
DOE; JANE ROE, as the Natural Parent and )
Next Friend of her Minor Child JENNIE ROE; )
and JANE SMITH, as the Natural Parent and )
Next Friend of her Minor Children PAT SMITH,)
JAMIE SMITH, and JESSIE SMITH; JOHN )
and JANE JONES, as the Natural Parents and )
Next Friend of their Children RORY JONES )
and RILEY JONES; )
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　)
vs. )　　　Civil Action No. _____
　　　　　　　　　　　　　　　　　　　　　)
THE SUMNER COUNTY BOARD OF )
EDUCATION; BENNY BILLS, Director of )
Schools for the Sumner County Board of )
Education; TIM BREWER, Member, Sumner )
County Board of Education; DAVID BROWN, )
Member, Sumner County Board of Education; )
BETH COX, Member, Sumner County Board of )
Education; ANDY DANIELS, Member, Sumner,)
County Board of Education; WILL DUNCAN )
Member, Sumner County Board of Education; )
SHANNON DUNN Member, Sumner County )
Board of Education; GLEN GREGORY, )
Member, Sumner County Board of Education; )
DANNY HALE, Member, Sumner County )
Board of Education; DON LONG, Member, )
Sumner County Board of Education; VANESSA )
SILKWOOD, Member, Sumner County Board )
of Education; TED WISE, Member, Sumner )
County Board of Education; FRANK )
CARDWELL, Principal, Beech High School; )
AHMED WHITE, Principal, T.W. Hunter )
Middle School; OPAL POE, Principal, Robert )
E. Ellis Middle School; ROBIN HOOD, )
Principal, Madison Creek Elementary School; )
JEWELL MCGHEE, Principal, Indian Lake )
Elementary School; )

Defendants.

## <u>VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF AND NOMINAL DAMAGES</u>

Plaintiffs American Civil Liberties Union of Tennessee; Jane Doe, individually and as the natural parent and next friend of her minor children, Harley Doe, Taylor Doe, and Hunter Doe; Jane Roe, individually and as the natural parent and next friend of her minor child, Jennie Roe; Jane Smith, individually and as the natural parent and next friend of her minor children Pat Smith, Jamie Smith and Jessie Smith; and John and Jane Jones, individually and as the natural parents and next friends of their minor children Riley Jones and Rory Jones ("Plaintiffs") respectfully represent as follows:

## I.     SUMMARY OF ACTION

1.     This is a civil rights case arising out of unconstitutional religious activities that take place throughout the Sumner County Schools. This action seeks declaratory and injunctive relief and nominal damages for the pattern and practice of the Defendants' endorsement and promotion of religious activities during, but not exclusively at, the following: 1) graduation ceremonies and events; 2) classroom instruction and activities; and 3) non-instructional time. Plaintiffs allege that these actions by Defendants are in violation of the Establishment Clause of the First Amendment of the United States Constitution because the Defendants are acting under color of law contrary to 42 U.S.C. § 1983; and in violation of Article I, Section 3 of the Tennessee Constitution. Plaintiffs ask that these actions be declared unconstitutional and illegal, and that this Court enjoin Defendants from engaging in any further such activity.

## II.     JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) for causes of action arising under the First and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983 and § 1988 and 28 U.S.C. § 2201 and § 2202.

## III.     PARTIES

3.     The Plaintiffs herein are:

    a)     The American Civil Liberties Union of Tennessee, Inc. ("ACLU-TN"), is a nonpartisan domestic nonprofit organization with its principal office in Nashville, Davidson County, Tennessee. ACLU-TN has individual members throughout Tennessee, including many who are residents of Sumner County.   Our membership includes parents of students that attend the Sumner County Public Schools.  ACLU-TN's mission is to promote and protect constitutional rights in Tennessee. ACLU-TN has worked to protect religious freedom throughout Tennessee for four decades, through public education, advocacy, lobbying and litigation.

    b)     Jane Doe, an individual of the full age of majority and who is domiciled in Sumner County, Tennessee, and who is the natural parent and next friend of her minor children, Harley Doe, Taylor Doe, and Hunter Doe

        1) Harley Doe attends Beech High School.

        2) Taylor Doe attends T.W. Hunter Middle School.

        3) Hunter Doe attends Madison Creek Elementary.

c)   Jane Roe, an individual of the full age of majority and who is
     domiciled in Sumner County, Tennessee, and who is the natural
     parent and next friend of her minor child Jennie Roe.

          1) Jennie Roe attends Beech High School.

d)   Jane Smith, an individual of the full age of majority and who is
     domiciled in Sumner County, Tennessee, and who is the natural
     parent and next friend of her minor children Pat Smith, Jamie
     Smith and Jessie Smith.

          1) Pat Smith attends Indian Lake Elementary School.

          2) Jamie Smith attends Indian Lake Elementary School.

          3) Jessie Smith attends Indian Lake Elementary School.

e)   John and Jane Jones, individuals of the full age of majority and
     who are domiciled in Sumner County, Tennessee, and who are the
     natural parents and next friends of their minor children Rory Jones
     and Riley Jones.

          1) Rory Jones attends Robert E. Ellis Middle School

          2) Riley Jones attends Indian Lake Elementary School

4.   Defendants are:

a)   The Sumner County Board of Education, the local education
     agency (LEA) for Sumner County, Tennessee, authorized pursuant
     to T.C.A. § 49-1-102(c): and acting under the color of law.

b)   Defendant Benny Bills, Director of Schools for the Sumner County
     Board of Education, whose duties include "seeing that the laws

- 4 -

relating to the schools and rules of the state and the local board of education are faithfully executed" pursuant to T.C.A. § 49-2-301 (b)(1)(A). At all material times, this Defendant was employed by the Sumner County Board of Education and acting under color of law.

c)    Defendant Tim Brewer is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

d)    Defendant David Brown is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

e)    Defendant Beth Cox is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

f)    Defendant Andy Daniels is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

g)    Defendant Will Duncan is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of

the Sumner County Board of Education was acting under color of law.

h) Defendant Shannon Dunn is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

i) Defendant Glenn Gregory is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

j) Defendant Danny Hale is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

k) Defendant Don Long is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

l) Defendant Vanessa Silkwood is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

m)  Defendant Ted Wise is a member of the Sumner County Board of Education. At all material times, this Defendant as a member of the Sumner County Board of Education was acting under color of law.

n)  Defendant Frank Cardwell is the principal of Beech High School and employed by the Sumner County Board of Education. At all material times, this Defendant as an employee of the Sumner County Board of Education was acting under color of law.

o)  Defendant Ahmed White is the principal of T.W. Hunter Middle School and employed by the Sumner County Board of Education. At all material times, this Defendant as an employee of the Sumner County Board of Education was acting under color of law.

p)  Defendant Opal Poe is the principal of Robert E. Ellis Middle School and employed by the Sumner County Board of Education. At all material times, this Defendant as an employee of the Sumner County Board of Education was acting under color of law.

q)  Defendant Robin Hood is the principal of Madison Creek Elementary School and employed by the Sumner County Board of Education. At all material times, this Defendant as an employee of the Sumner County Board of Education was acting under color of law.

r)  Defendant Jewell McGhee is the principal of Indian Lake Elementary School and employed by the Sumner County Board of Education. At all material times, this Defendant as an employee of

the Sumner County Board of Education was acting under color of law.

   s)    All individual defendants are sued in their official capacity and in their individual capacities.

5.    Upon Plaintiffs' information and belief all individually named Defendants are of the full age of majority and reside in Sumner County Tennessee.

### IV.    STANDING

6.    All Plaintiffs have standing to pursue this matter.

7.    ACLU-TN has membership standing as one or more of its members reside in Sumner County Tennessee and has a child/children that attend the Sumner County Public Schools.

8.    The individual Plaintiffs are all domiciled in Sumner County, Tennessee.

9.    The individual Plaintiffs are citizens and taxpayers in Sumner County, Tennessee, make purchases in Sumner County, and pay sales tax slated by both the state and Sumner County for public education.

10.    The Does, Roes, Smiths, and Joneses collectively have suffered actual and palpable injury as they were present and witnessed the Defendants' illegal actions that constitute governmental intrusion upon a family's private religious belief.

11.    The Defendants' actions alleged in this Complaint were, and continue to be, highly offensive to Plaintiffs.

12.    Alternatively, the individual Plaintiffs allege taxpayer standing.

13.     Under Tennessee's Basic Education Program, T.C.A. § 49-1-301, *et seq.*
Tennessee county school systems are required to contribute to the funding of its school
classroom and non-classroom functions.

14.     Sumner County Public Schools meet their local funding requirement through a
combination of local property taxes and sales taxes.

15.     The unconstitutional behavior complained of in this Complaint by the Defendants
was furthered and occasioned by an indirect disbursement of school funds raised indirectly
through taxes paid by Plaintiffs.

16.     The expenditure of school funds to advance the unconstitutional activities
complained of necessarily allows Plaintiffs to have standing as taxpayers to complain of the
unconstitutional actions.

17.     Throughout the School District, school officials have persistently and pervasively
used their official positions to promote their religious beliefs. Specifically, for at least the past
five years, school officials have cultivated well-established policies, practices, and customs
authorizing, sponsoring, or supporting a particular religious viewpoint.

18.     In accordance with District-wide policy, practice, and custom, school officials
frequently sponsor or approve the promotion of a particular religious belief during various school
events and activities, including graduations, reward programs and extracurricular activities.

19.     Students, such as the Plaintiffs, are a captive audience for school officials'
religious displays and activities, and therefore, are subjected to unconstitutional religious
coercion.

## V.    FACTS

20.    In accordance with District-wide policy, practice, and custom, school officials promote their personal religious beliefs, as well as proselytizing to students in class and during extracurricular activities

21.    School officials provide the sound system through which religious events are advertised, in addition to selecting and making available the venue for the presentation of these religious messages.

22.    School principals, including Defendant Frank Cardwell, Defendant Ahmed White, Defendant Opal Poe, Defendant Robin Hood, and Defendant Jewell McGhee have final control over the content and design of school events and activities.

23.    School officials have final control over whether to include religious messages at school events and activities.

### Distribution of Bibles

24.    Beginning at least as early as 2006, there has been a pattern and practice of the endorsement of religion by Sumner County Public Schools in that, year after year, the District has allowed members of Gideon's International into the school to proselytize and distribute Bibles directly to public school students.

25.    On October 13, 2010, two men visited the Indian Lake Elementary School to distribute New Testament Bibles to the children.  The Bibles were placed on the table in the hallway (outside of Christina Pursley's classroom) and the children were instructed by their teacher Christina Pursley to line up and take a Bible if they wanted one.  On information and

belief, every child took a Bible. Fifth grade teacher Pursley, instructed each student to write their names and the date in their Bible. (Exhibit 1).

26.     In the fall of 2006, Jenny Roe attended Madison Creek Elementary. While a 5th grade student at Madison Creek, Jenny Roe received a New Testament Bible from people who entered her school to distribute Bibles to students during instructional time.

27.     Plaintiffs Jamie and Jessie Smith, Hunter Doe, and Riley Jones have not yet reached the 5th grade where Gideon's Bibles are traditionally distributed in the aforementioned elementary schools, but anticipate that they too will be given a Bible during instructional time when they enter the fifth grade at their public elementary schools.

### Invocations at School Board Meetings

28.     On information and belief, since at least 2008, it has been the custom and practice of the Sumner County Board of Education to begin each School Board meeting with a prayer.

29.     On at least one occasion, the opening prayer has consisted of a lengthy sermon which was delivered by Reverend Will Duncan. Rev. Duncan is a school board member and a Defendant in this action. (Exhibit 2).

30.     Students oftentimes attend School Board meetings along with members of the general public.

31.     Since at least 2008 school board meetings of the Sumner County Board of Education oftentimes have included an invocation.

### Prayer Over the Loud Speaker

32.     Plaintiff Hunter Doe attends Madison Creek Elementary. At this school, every morning, during morning announcements, various members of the student bible study club are permitted to pray over the loud speaker for all of the school children to hear. This activity occurs

daily and with the express knowledge and permission of the administrators at Madison Creek Elementary.

## Teacher Endorsement of Religion

33.     As of April, 2011 a cross (approximately ten inches in length) was on display in the classroom of T.W. Hunter Middle School teacher Erin Smith. The cross was displayed above the white board which is used for student instruction and was clearly visible to T.W. Hunter Middle School students. On information and belief, the cross still hangs in the classroom today.

34.     The Fellowship of Christian Athletes Club at T.W. Hunter Middle School meets at 7:10 a.m. until 7:30 a.m. every morning in the band room. Teachers Pamela Weakley, Eric Bowman and Gloria Lloyd attend these meetings in a participatory and supervisory capacity. Teachers Weakly, Bowman and Lloyd actively participate in these meetings by leading students in prayer and reading the Bible to the students.

35.     Every Tuesday and Thursday during the lunchtime periods at T.W. Hunter Middle School, Guidance Counselor Robin Spangler, announces to all of the students in the cafeteria words to the effect of "It is time for Bible Study. Anybody who would like to join can meet in X classroom." On information and belief, Ms. Spangler attends these Bible Study sessions with the students.

36.     On the evening of November 9, 2010, the Ellis Middle School chorus performed its fall program at the school. The middle school students including Rory Jones performed nine songs that evening. Of the nine songs, two were patriotic in nature (Star Spangled Banner and United We Stand) however, the remaining seven songs were religious in nature. (Exhibit 3).

37.     On information and belief, these songs were selected and approved by the faculty and administration of Ellis Middle School.

## Graduation Ceremonies Held at Churches

38.     Station Camp High School, Beech High School, and White House High School are planning to hold school graduation ceremonies at Long Hollow Baptist Church May 20-21, 2011. (Exhibit 4).  Graduation ceremony practices are also scheduled to be held at Long Hollow Baptist Church.

39.     Station Camp High School, Beech High School, and White House High School have held their school graduation ceremonies at Long Hollow Baptist Church in past years. (Exhibit 5).  Graduation ceremony practices were also held at Long Hollow Baptist Church.

40.     On information and belief, alternate non-religious facilities were available to hold such ceremonies; however Defendants choose to hold these activities at this Church. While Defendant Benny Bills has executed an affidavit attesting to the lack of facilities for the May 2011 graduation ceremonies, on information and belief, other reasonable venues exist for future graduation ceremonies. (Exhibit 6).

## Other School Events Held at Churches

41.     During the 2009-2010 and 2010-2011 school years, Long Hollow Baptist Church has planned and promoted an event for T.W. Hunter Middle School students to celebrate the end of the Tennessee Comprehensive Assessment Program (TCAP) testing period.   This event is called "'TCAP'aloosa."

42.    For 'TCAP'aloosa, the administration of T.W. Hunter Middle School allows all students to be bussed over to Long Hollow Baptist Church, using Sumner County School buses, to spend the day at the church watching movies, eating treats and playing games.

43.    'TCAP'aloosa is heavily promoted in the school by flyers, announcements and staff.

44.    Parents are not required to sign a permission slip for this event.

45.    If students elect not to attend 'TCAP'aloosa, they must remain at the middle school and are given additional work assignments to complete.

46.    This year's TCAP testing period was April 12-19, 2011.

47.    The 'TCAP'aloosa event will occur on May 5, 2011. 'TCAP'aloosa is advertised on the T.W. Hunter Middle School calendar, in addition to multiple fliers, posters and announcements. (Exhibit 7).

48.    Upon being notified of the Establishment Clause violations, in April 2011 Defendant Benny Bills moved the TCAP'aloosa event to a non-religious venue. (Exhibit 6).

49.    'TCAP'aloosa is not the only time students are bussed to Long Hollow Baptist Church by Sumner County School buses during the school day without the permission of their parents. Such events are frequent rewards for a variety of school related activities.

50.    On Tuesday, May 3, 2011 the 6th grade students from Hawkins and Ellis Middle Schools will be transported by Sumner County Schools buses to Long Hollow Baptist Church for a daylong event for Teens Against Alcohol and Tobacco Use ("TAATU") Day. (Exhibit 8).

51.    During the 2009-2010 school year at T.W Hunter Middle School a day of activities at Long Hollow Baptist Church was promoted and endorsed by school officials and

teachers as a reward to students for selling a particular number of magazines in a school wide fundraiser.

52.     During the 2010-2011 school year at T.W. Hunter Middle School, a day of activities at Long Hollow Baptist Church was promoted and endorsed by school officials and teachers as a reward to students for selling a particular number of tubs of cookie dough in a school wide fundraiser.

53.     During the 2009-2010 school year at T.W. Hunter Middle School, the Cross Country team banquet was also held at a local church.

### Youth Minister at Lunch

54.     With the knowledge and authorization of the school administration and teachers, the youth minister from Long Hollow Baptist Church, Brian Mills, joins T.W. Middle School students for lunch at least once a week, but frequently more often.  Brian Mills signs in at the front office as a guest of one of his congregants.  Once he is given access to the lunchroom however, he visits every table in the cafeteria, joining students as they eat lunch (whether he is invited or not) and speaks to them about his church, his ministry and his faith in Jesus.  He spends the entire lunch period proselytizing to these middle school students in small group settings in an attempt to convert them and to get them to join Long Hollow Baptist Church. (Exhibit 9). The students are not free to leave the lunchroom while this is occurring.  These actions all occur with the implicit, if not explicit, authorization of the administration of T.W. Hunter Middle School.

55.     Jenny Roe and Harley Doe were approached by Rev. Mills last school year. Taylor Doe continues to be subjected to the unwanted proselytizing at T.W. Hunter Middle School during the lunch period on a weekly, if not daily, basis.

**<u>Violations of the District's Literature Distribution Policy</u>**

56.     The Sumner County Board of Education Policy on "Advertising and Distribution

of Materials in the Schools" reads:

> "3.     Charity, civic, or other non-profit, non-religious non-
> political organizations may advertise events pertinent to the
> students' interest or involvement.  The distributors of any such
> material must follow the procedures set by the principal."

57.     Yet, in violation of this policy, religious organizations are allowed to distribute

promotional materials to school children within the district. (Exhibit 10).

58.     In fact, the Quest and Crusade events held by Long Hollow Baptist Church are

heavily advertised through fliers and posters at T.W. Hunter Middle and Beech High Schools.

59.     This school year, students at Walton Ferry Elementary received fliers that

advertised a "Fall Fest" activity for children at Cornerstone Church. (Exhibit 11).

60.     During the spring of 2010, Cornerstone Church sponsored an Easter Egg Hunt at

Walton Ferry Elementary School during the school day. During this event, students received

plastic Easter Eggs which contained small slips of paper that were redeemable for free candy and

prizes at Cornerstone Church and encouraged them to come to Cornerstone Church for "crazy

events" and "tons of fun." (Exhibit 12).

**<u>The Establishment Clause Violations Continue</u>**
**<u>Despite Being Put on Notice of the Problems</u>**

61.     On December 1, 2010, Plaintiffs' counsel, Tricia Herzfeld, sent an Open Records

request to Director of Schools Benny Bills requesting a variety of information about school

policies and copies of any complaints the District had received relating to religion in the Sumner

County Schools. (Exhibit 13).

62.     On December 10, 2010, School Board Attorney Jim Fuqua responded essentially denying Herzfeld's request for information. (Exhibit 14).

63.     In response to that letter, in December 2010, Herzfeld and Fuqua had a telephone conversation wherein Herzfeld informed Fuqua of the numerous complaints she had received and specific violations that were occurring at the Sumner County Schools in violation of the Establishment Clause.

64.     Though the Board was put on actual notice months ago and had constructive notice before then, it has failed to investigate these constitutional violations and has refused to take action sufficient to correct the abridgement of students' Establishment Clause rights and to prevent school officials from promoting their personal religious beliefs.

65.     Between December 2010 and the present date, the Sumner County School Board has met 13 times. Despite being put on notice of their unlawful policies, customs and practices, the School Board has failed to address these issues and the systemic violations of the Establishment Clause continue to the present day.

66.     In the face of concrete and undeniable practices, the School Board has instead stood by and remained deliberately indifferent to the constitutional violations. In fact, after being notified on April 12, 2011 of the systemic Establishment Clause violations being reported in the Sumner County Schools, Defendants have insisted on continuing many of their activities, including bussing school children to school related activities at Long Hollow Baptist Church. (Exhibit 15). It was a full 8 days after receiving notification from Plaintiffs that the very first parent permission slip was sent home to parents asking for their permission to bus their children to Long Hollow Baptist Church. This letter was sent on the stationary of Defendant Benny Bills, Director of Schools. (Exhibit 8).

67.     Defendants have used School District employee time to plan and participate in the endorsement of religion at a variety of school functions including graduation ceremonies. On information and belief the District has incurred the cost of printing numerous graduation programs and permission slips. The use of state funds to advance school officials' religious beliefs will continue absent the issuance of an injunction by this court.

68.     The School Board has failed to proscribe by policy the clear and persistent pattern of endorsing particular religious beliefs at school events or to direct the Director of Schools to issue an administrative order to cease such practices.

69.     In fact, after being put on notice of the allegations, Defendants have persisted in their conduct.

## COUNT I: ESTABLISHMENT CLAUSE VIOLATION

### (42 U.S.C. § 1983)

70.     Plaintiffs re-allege and re-aver all of the allegations contained in the previous paragraphs.

71.     Defendants have deprived, and are continuing to deprive, Plaintiffs of their rights under the Establishment Clause of the United States Constitution.

72.     By Defendants' Conduct alleged *supra*, which has the primary purpose and effect of promoting and advancing religion, Defendants violated, and are continuing to violate, Plaintiffs' rights under the Establishment Clause, contrary to the First and Fourteenth Amendments. The policies, practices, and customs established by the School Board, Defendant Bills, Defendant Cardwell, Defendant White, Defendant Poe, Defendant Hood, Defendant McGhee and/or other school officials are the cause in fact of the constitutional violations.

73.     Defendants' conduct also coercively exposes Plaintiffs and other students to religious exercises sponsored by school officials. Defendants have forced a decision on the Plaintiffs: either forgo attending future school events, including graduation, or attend the events subject to religious ceremonies that are inconsistent with the Plaintiffs' consciences.

74.     A reasonable, objective student, parent, or other observer aware of this Defendants' conduct would conclude that the Defendants have endorsed and continue to endorse religion in the public schools of Sumner County.

75.     A reasonable, objective student, parent, or other observer aware of Defendants' conduct with regard to hosting school events at church and church events at school during and after school hours, would have difficulty determining where the school ends and the church begins.

76.     Unless restrained by this Court, Defendants will continue to subject Plaintiffs to the coercive advancement of school officials' religious beliefs. Plaintiffs have been and will continue to be irreparably harmed by the Defendants' denial of Plaintiffs' fundamental constitutional right to be free from government endorsement of particular religious beliefs.

77.     Plaintiffs have no adequate remedy at law for the denial of their fundamental constitutional rights.

78.     In depriving the Plaintiffs of these rights, Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. § 1983.

### COUNT II: ARTICLE I, SECTION 3 OF THE TENNESSEE CONSTITUTION

79.     Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint. Article I, Section 3 of the Tennessee Constitution provides:

> "… [N]o preference shall ever be given, by law, to any religious establishment or mode of worship."

80.    Defendants have used School District employee time to plan and participate in programs that promoted the establishment of religion.

81.    If defendants had not used state tax funds (or resources funded by the state) to support the District-wide promotion of religion, those tax funds (or resources) could have been used to advance the secular education of School District students or the amount of taxes paid by Plaintiffs might have been returned or decreased.

82.    The use of state funds to advance school officials' religious beliefs as described above will continue absent the issuance of an injunction by this Court.

### Anonymity of Plaintiffs

83.    Unless allowed to proceed in anonymity, Plaintiffs allege that they will be subject to ridicule and a hostile environment as more fully stated in their declarations filed under seal herewith.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.    That the Plaintiffs be allowed to proceed in anonymity.

B.    Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm, in any event the Defendants are allowed to continue permitting authorizing, encouraging, and acquiescing in the manner described in the Complaint. Plaintiffs seek a temporary restraining order, a preliminary and, in due course, a permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, which enjoins all Defendants, their successors, employees and agents from permitting, authorizing, encouraging, and acquiescing in delivering of religious messages at: 1) school events and activities; 2) classroom instruction and activities; 3) graduation

ceremonies; and 4) and other related activities. An order directing Defendants to provide a copy of the written injunction to all School District officials, staff, faculty, and other School District employees and agents.

D.     An order permanently enjoining Defendants and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, from taking retaliatory action against Plaintiffs for bringing this lawsuit;

E.     Entry of judgment for nominal damages of $100 for Plaintiffs collectively;

F.     An award to plaintiffs of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. § 1988;

G.     An order retaining the Court's jurisdiction of this matter to enforce the terms of the Court's orders; and

H.     Such further and different relief as is just and proper or that is necessary to make the Plaintiffs whole.

Dated:                                   Respectfully submitted,

                                         By: _Tricia Herzfeld_

                                         Tricia Herzfeld #026014
                                         Legal Director
                                         ACLU Foundation of Tennessee
                                         P.O. Box 120160
                                         Nashville, Tennessee 37212
                                         Phone: (615) 320-7142
                                         Fax: (615) 691-7219
                                         tricia@aclu-tn.org

                                         George Barrett #002672
                                         Scott P. Tift #027592
                                         *ACLU-TN Cooperating Attorneys*
                                         BARRETT JOHNSTON, LLC
                                         217 Second Avenue North
                                         Nashville, TN 37201
                                         Phone: (615) 244-2202
                                         gbarrett@barrettjohnston.com
                                         stift@barrettjohnston.com
                                         *Attorneys for Plaintiffs*

- 21 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

ACLU-TN, et al.,                                )
                                                )
      Plaintiffs,        )
                                                )
vs.                                             )    Civil Action No. _____
                                                )
THE SUMNER COUNTY BOARD OF                      )
EDUCATION, et al.,                              )
                                                )
                                                )
      Defendants.        )

## DECLARATION OF JANE DOE IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT

Jane Doe hereby declares, pursuant to the penalties of perjury under 28 U.S.C. 1746, that the following statements are true and correct:

1. I am one of the plaintiffs in this action against the Sumner County Board of Education, et. al.

2. I am the mother of Harley Doe, Taylor Doe, and Hunter Doe all minors.

3. I am familiar with the facts and allegations stated in Plaintiffs' Verified Complaint.

4. If called upon to do so, I would and could testify to the same.

5. In accordance with Plaintiffs Motion for Protective Order contemporaneously filed with this Verified Complaint, I sign under a pseudonym.

6.   I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5 2011

_Jane Doe_
Jane Doe

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

ACLU-TN, et al.,                         )
                                         )
    Plaintiffs,      )
                                         )
vs.                                      )    Civil Action No. _____
                                         )
THE SUMNER COUNTY BOARD OF               )
EDUCATION, et al.,                       )
                                         )
                                         )
    Defendants.      )

## DECLARATION OF JANE ROE IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT

Jane Roe hereby declares, pursuant to the penalties of perjury under 28 U.S.C. 1746, that the following statements are true and correct:

1. I am one of the plaintiffs in this action against the Sumner County Board of Education, et. al.

2. I am the mother of Jennie Roe, a minor.

3. I am familiar with the facts and allegations stated in Plaintiffs' Verified Complaint.

4. If called upon to do so, I would and could testify to the same.

5. In accordance with Plaintiffs Motion for Protective Order contemporaneously filed with this Verified Complaint, I sign under a pseudonym.

6. I declare under penalty of perjury that the foregoing is true and correct.


Executed on April ____ 2011

_____
Jane Roe

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

ACLU-TN, et al., )
)
     Plaintiffs, )
)
vs. )     Civil Action No. _____
)
THE SUMNER COUNTY BOARD OF )
EDUCATION, et al., )
)
)
     Defendants. )

### DECLARATION OF JANE SMITH IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT

Jane Smith hereby declares, pursuant to the penalties of perjury under 28 U.S.C. 1746, that the following statements are true and correct:

1. I am one of the plaintiffs in this action against the Sumner County Board of Education, et. al.

2. I am the mother of Pat Smith, Jamie Smith, and Jessie Smith all minors.

3. I am familiar with the facts and allegations stated in Plaintiffs' Verified Complaint.

4. If called upon to do so, I would and could testify to the same.

5. In accordance with Plaintiffs Motion for Protective Order contemporaneously filed with this Verified Complaint, I sign under a pseudonym.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5 2011

_____
Jane Smith

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE

ACLU-TN, et al.,                        )
                             )
      Plaintiffs,                    )
                             )
vs.                                     )   Civil Action No. _____
                             )
THE SUMNER COUNTY BOARD OF              )
EDUCATION, et al.,                      )
                             )
      Defendants.                    )

### DECLARATION OF JANE JONES IN SUPPORT OF PLAINTIFFS' VERIFIED COMPLAINT

Jane Jones hereby declares, pursuant to the penalties of perjury under 28 U.S.C. 1746, that the following statements are true and correct:

1. I am one of the plaintiffs in this action against the Sumner County Board of Education, et. al.

2. I am the mother of Riley and Rory Jones all minors.

3. I am familiar with the facts and allegations stated in Plaintiffs' Verified Complaint.

4. If called upon to do so, I would and could testify to the same.

5. In accordance with Plaintiffs Motion for Protective Order contemporaneously filed with this Verified Complaint, I sign under a pseudonym.

6. I declare under penalty of perjury that the foregoing is true and correct.


Executed on April 29 2011


                                            _Jane Jones_____
                                            Jane Jones