IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ACLU-TN, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   Civil Action No. _____ |
| | ) |
| THE SUMNER COUNTY | ) |
| BOARD OF EDUCATION, et al. | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFFS' SUPPORTING MEMORANDUM

Plaintiffs have filed this lawsuit using synonyms rather than their true identity. As alleged in the Complaint, the individual Plaintiffs are citizens and residents of Sumner County, Tennessee and the suit is brought on behalf of themselves and/or their minor child(ren), alleging Establishment Clause violations in the Sumner County Schools. As alleged in the Complaint, if the identity of the parties are disclosed and become known, they will be subject to adverse consequences and repercussions in the community.

This Court has the discretionary authority to enter a Protective Order to control discovery and to protect the rights of the parties. See *Chemical and Industry Corp. v. Druffel*, 301 Fed.2d 126 (630, 1962) and *Textured Yarn Co. v. Burkart-Schier Chemical Co.*, 41 Federal Rules Decision, 158 (E. Dist. Tenn., 1966).

The court in *Doe v. Porter*, 370 Fed.3d 558 (6th Cir., 2004), affirmed the District Court's issuance of a Protective Order maintaining the anonymity of the Plaintiffs in a

case alleging Establishment Clause violations in facts very similar to the present instance. In *Doe v. Porter*, there was a minor child enrolled in an elementary school. In affirming the lower court's decision, the court pointed out that "this suit – challenging a government activity – forces plaintiff to reveal their belief about a particularly sensitive topic that could subject them to considerable harassment." 370 Fed.3d at page 560. The court further pointed out that because the case was brought on behalf of young children, they were subject to a heightened sense of protection. Similar facts are present in this case, and for these reasons, Plaintiffs ask that they be allowed to pursue this matter with their true identities under seal.

Respectfully submitted,

By: /s/ Tricia Herzfeld

Tricia Herzfeld
Staff Attorney
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Phone: (615) 320-7142
Fax: (615) 691-7219
tricia@aclu-tn.org

George Barrett
Scott Tift
*ACLU-TN Cooperating Attorneys*
BARRETT JOHNSTON LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202
Fax: (615) 252-3798
gbarrett@barrettjohnston.com
stift@barrettjohnston.com
***Attorneys for Plaintiffs***

| | |
|---|---|
| ACLU-TN, et al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   Civil Action No. _____ |
| | ) |
| THE SUMNER COUNTY | ) |
| BOARD OF EDUCATION, et al. | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Considering the above and foregoing motion, it is and hereby ordered that the Plaintiffs in the above-referenced captioned matter be allowed to proceed without revealing their true identities for all of the reasons put forth in Plaintiffs' Supporting Memorandum.

So ORDERED this \_\_\_\_\_ day of _____, 2011

_____
JUDGE, UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT
OF TENNESSEE