IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

ACLU-TN, et al. )
)
    Plaintiffs, )
)
vs. ) Civil Action No.
)
)
THE SUMNER COUNTY )
BOARD OF EDUCATION, et al. )
)
    Defendants. )

MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION
FOR A TEMPORARY RETRAINING ORDER AND/OR PRELIMINARY
INJUNCTION AND REQUEST FOR AN EMERGENCY HEARING

I.     Introduction

Plaintiffs file this action to cease the continuation of a pattern and practice of the promotion and endorsement of religion in the Sumner County Public Schools.

Plaintiffs seek a temporary restraining order and/or preliminary injunction to prevent irreparable and imminent injury as a result of the unconstitutional endorsement of religion which offends and harms Plaintiffs. The continuing practice of the unlawful promotion and endorsement of religion by school officials interferes with the Plaintiffs' own rights to religious freedom and interferes with their ability to raise their children to their beliefs. Plaintiffs filed the instant litigation on May 2, 2011 in an effort to enjoin Defendants from promoting or endorsing religion in the public schools by 1) encouraging prayer at a variety of school events; 2) distributing Bibles or other religious texts on school grounds during instructional time; 3) proselytizing by teachers to students; 4)

1

displaying religious symbols in the classroom; and 5) locating school events at places of worship. Plaintiffs are seeking to enjoin such practices as well as nominal damages and declaratory judgment for past actions.

**II.     Factual Background**

For at least the last five years, Defendants have engaged in a pattern and practice of the unlawful endorsement of religion in violation of the Establishment Clause of the First Amendment. Specifically, Plaintiffs allege that there is little distance between the church house and the school house in the Sumner County public school system in that 1) school sponsored events frequently occur at churches throughout the county but most frequently at Long Hollow Baptist Church; 2) members of Gideons International are allowed into the classroom (or hallway outside of the classroom) to distribute Christian Bibles; 3) teacher endorsed prayer is pervasive within the schools; 4) holding graduation ceremonies at churches is commonly accepted; 5) a cross hangs in a classroom near the whiteboard; 6) there has been a history of invocations at School Board meetings; 7) at least one elementary school permits prayers to be said over the loudspeaker; 8) organizations that have religious affiliations are given preferential access to students; 9) religious songs are overly represented in choir programs; and 10) a youth minister from Long Hollow Baptist Church is allowed to proselytize to middle school children in the lunchroom. (See Complaint for a more detailed recitation of the facts.)

Immediately, however, Plaintiffs seek an Order directing the Sumner County schools to immediately cease all activities that operate to endorse religion in violation of the First Amendment, including but not limited to, 1) prohibiting the Ellis Middle School drug awareness ("TAATU") event from taking place at a place of worship on May 3,

2011; 2) the immediate removal of religious iconography from the classrooms, 3) barring members of the public from having unmonitored access to students during the school day; 4) the cessation of prayer over the loudspeaker during the school day; and 5) prohibiting teachers or administrators from signaling their endorsement of a particular religious faith by endorsing, leading or otherwise visually or orally participating in prayer alongside students at school club meetings or events.

### III. <u>Argument</u>

In this Circuit, a district court considers four factors in determining whether to issue a temporary restraining order and preliminary injunction:

> (1) the likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest.

*Procter & Gamble Co. v. Banker's Trust Co.* 78 F.3d 219, 226 (6th Cir. 1996) (citing *Mason County Medical Ass'n v. Knebel*, 563 F2d 256, 261 (6th Cir. 1977)); *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), *cert denied*, 526 U.S. 1087 (1999) (citing *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996), *cert. denied*, 519 U.S. 807 (1996)). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Connection Distributing,* 154 F.3d at 288 (citations omitted); *accord, Rock and Roll Hall of Fame v. Gentile Produc.*, 134 F.3d 749, 753 (6th Cir. 1998); *Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998). Indeed, in a First Amendment case, "the likelihood of success on the merits frequently may be the determinative factor." *McCreary County v. ACLU*, 354 F.3d 438, 445 (6th Cir. 2003), *aff'd*, 125 S. Ct. 2722 (2005) (citing *Connection Distrib.*, 154 F.3d at 288). Even if a

3

court is uncertain about the likelihood of success on the merits, a preliminary injunction still is appropriate where there are "serious questions going to the merits and irreparable harm which decidedly outweighs any potential harm to the defendant." *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985) (quoting *Friendship Materials Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)); *see also Michigan Bell Telephone Co. v. Engler,* 257 F.3d 587, 600 (6th Cir. 2001).

Plaintiffs meet the criteria for issuance of a temporary restraining order and preliminary injunction. First, Plaintiffs can establish a substantial — indeed, an overwhelming — likelihood of success on the merits. Second, an injunction is necessary to prevent immediate and irreparable harm. Third, an injunction against unlawful conduct will not harm the defendant or others. Fourth, the public interest favors issuance of an injunction because "it is always in the public interest to prevent the violation of a party's constitutional rights." *G & V Lounge, Inc. v. Michigan Liquor Control Com'n*, 23 F.3d 1071, 1079 (6th Cir. 1994).

### A. Plaintiffs Meet the Standards for Issuance of a Temporary Restraining Order and Preliminary Injunction.

#### 1. Because the Pattern and Practice of the Endorsement of Religion in the Sumner County Schools Violates the Establishment Clause, the Plaintiff is Likely to Succeed on the Merits.

The pattern and practice of the endorsement of religion throughout the public schools of Sumner County is similar in many ways to the activity found to violate the Establishment Clause in *Doe v. Wilson County School System,* 564 F. Supp.2d 766 (M.D. Tenn. 2008) (holding that the sum of the actions that took place in the Wilson County schools violated the establishment clause). In *Doe*, the court held that the school administration's tacit approval of the activities of an outside religious group that had

substantial involvement with the school, "had the primary effect of endorsing or promoting their Christian beliefs and programs at the school....and allowed the administrators and teachers to become excessively entangled with religion in violation of the Establishment Clause." *Id.* at 805. Similarly, in the case at bar, the numerous Establishment Clause violations present within this school system would cause a reasonable observer to believe that the Sumner County Schools favors and endorses a particular religious faith.

Additionally, certain specific activities that occur within the Sumner County Schools have been found to violate the Establishment Clause. Many courts have held that the distribution of Bibles directly to students during the school day during instructional time violates the Establishment Clause. *Berger v. Rensselaer Central School Corporation*, 982 F.2d 1160 (7th Cir. 1993), *Roark v. South Iron R-1 School Dist.*, 573 F.3d 556 (8th Cir. 2009). There is little doubt that the distribution of Bibles directly to students in the Sumner County Schools is unconstitutional as well.

Plaintiffs have alleged that many, if not all, meetings of the Sumner County Board of Education begin with an invocation. Invocations at school board meetings have been declared an unconstitutional endorsement of religion in violation of the Establishment Clause. *Coles ex rel. Coles v. Cleveland Bd. of Educ.*, 171 F.3d 369, 377 (6th Cir.1999); *Doe v. Tangipahoa Parish School Board*, 473 F.3d 188 (5th Cir. 2006).

Plaintiffs have alleged that on multiple occasions teachers and staff at T.W. Hunter Middle School lead and/or participate in prayer with students during school events and clubs. Teachers leading prayer groups with school children on school property and displaying their endorsement of a particular faith to students has been found

to violate the First Amendment. *Doe*, 546 F.Supp.2d 766 (M.D. Tenn. 2008) (Teachers praying at flagpole with students and wearing "I Prayed" stickers in the classroom declared an unconstitutional endorsement of religion); *Borden v. School District of Township of East Brunswick*, 523 F.3d 153 (3rd Cir. 2008) (holding football coach who bowed his head and took a knee in prayer with football team prior to game, violated Establishment Clause); *Westside Community Schools v. Mergens*, 496 U.S. 226 (1990) (finding "nonparticipatory capacity" language of Equal Access Act, when referring to teacher involvement with student clubs, crucial to avoiding Establishment Clause issues with the Act).

Plaintiffs have alleged that a cross hangs in the classroom of T.W. Hunter Middle School teacher Erin Smith. Courts have also found that the display of the religious iconography in the classroom violates the Establishment Clause. *Stone v. Graham*, 449 U.S. 39 (1981) (Ten Commandments); *Washegesic v. Bloomingdale Public Schools*, 813 F.Supp. 559 (W.D.Mich.1993) (likeness of Jesus Christ).

Plaintiffs complain that a youth minister from a local church is given unfettered access to students while they eat lunch in the cafeteria. While the students are not free to leave, the youth minister goes from table to table proselytizing to students. When schools allow religious groups to have special access to students, it violates the Establishment Clause and signals the unlawful endorsement of religion to students and parents. *Doe*, 546 F.Supp.2d 766 (M.D. Tenn. 2008). Schools have the authority to limit the content of a non-student's speech in the classroom in order to avoid Establishment Clause issues, as the classroom is not a public forum. *Busch v. Marple Newtown School District*, 567 F.3d 89 (3rd Cir. 2009).

6
Case 3:11-cv-00408   Document 9   Filed 05/02/11   Page 6 of 10 PageID #: 83

Plaintiffs allege that at Madison Creek elementary, every morning, members of the student Bible club are permitted to pray and/or read biblical passages over the loudspeaker. School sponsored prayer over the public address system in public schools violates the Establishment Clause. *Wallace v. Jaffree*, 472 U.S. 38 (1985); *Abington Township v. Schempp*, 374 U.S. 203 (1963). Allowing students to deliver student- led student -initiated prayer does not lessen the Establishment Clause violation. *Santa Fe Independent School District v. Doe*, 530 U.S. 290 (2000).

Additionally Plaintiffs complain that a variety of school sponsored activities occur at places of worship. In particular they complain that high school graduation ceremonies, assemblies and reward programs are all held at a local church. Holding high school graduation ceremonies at churches causes excessive entanglement with religion in violation of the First Amendment. *Does v. Enfield Public Schools*, 716 F.Supp.2d 172 (D.Conn. 2010) (Court issued injunction prohibiting high school from hold graduations at church citing excessive entanglement and the appearance of the endorsement of religion).

In addition to each of these individual violations, the Sumner County Schools' religious activities *as a whole* violate the Establishment Clause. Plaintiffs are likely to succeed on the merits of their claims.

### 2. Plaintiffs will Suffer Irreparable Harm Without the Requested Equitable Relief

"The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1973) (citing *New York Times Co. v. United States,* 403 U.S. 713 (1971)). In *Elrod*, non-civil service employees of the Cook County, Illinois sheriff's office brought a class action alleging that they were fired or threatened with dismissal solely because they refused to

affiliate themselves with the current sheriff's political party. The Supreme Court affirmed the lower court's instruction to enjoin the dismissals because the Court found that even the temporary deprivation of free speech rights constitutes irreparable harm.

### 3. A Temporary Restraining Order and/or Preliminary Injunction Would Not Harm Defendants and Would Serve the Public Interest

Unlike the ongoing injury to Plaintiffs, the potential harm a temporary restraining order and/or preliminary injunction would cause defendants is non-existent. Defendants have no legitimate interest in violating the Establishment Clause. It serves the public interest to have public schools free from the unconstitutional endorsement of religion.

### 4. The Equities Favor Issuing the Injunction

Here, Plaintiffs have a great likelihood of success on the merits and will suffer immediate and irreparable harm in the absence of a temporary restraining order and/or injunction. Nor do the remaining factors (public interest and harm to others) argue for denial of the injunction. No third party will be harmed by the injunction. No constitutionally protected interest need be weighed against Plaintiff's substantial First Amendment rights. The equities thus clearly favor issuing the temporary restraining order and/or injunction.

### 5. No Bond Should be Required

Plaintiffs request that they not be required to post any cash bond. In spite of the literal language of Rule 65(c) of the Federal Rules of Civil Procedure, this Court clearly has discretion to issue a preliminary injunction without requiring Plaintiffs to give security. *Rom v. Bank of Commonwealth,* 583 F.2d 527, 538 (6th Cir. 1978); *Moltan Co. v. Eagle-Picher Indus., Inc.,* 55 F.3d 1171, 1176 (6th Cir. 1995).

Because Plaintiffs are parents of students who seek only to vindicate their rights to a free public education, free from government endorsement of religion and interference in their choice to raise their children according to a particular faith or no faith at all, this case implicates the public interest and the balance of hardships tips sharply in favor of the Plaintiffs. Therefore, this Court should not require Plaintiffs to give security. *See Pharmaceutical Soc'y of N.Y. v. Dep't of Soc. Serv.,* 50 F.3d 1168, 1174 (2nd Cir. 1995); *Crowley v. Local 82 Furniture and Piano Moving, Furniture Store Drivers, helpers, Warehouseman and Packers,* 679 F.2d 978, 999 (1st Cir. 1982), *rev'd on other grounds,* 467 U.S. 526 (1984).

Respectfully submitted,

By: /s/ Tricia Herzfeld
Tricia Herzfeld #026014
Legal Director
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, Tennessee 37212
Phone: (615) 320-7142
Fax: (615) 691-7219
tricia@aclu-tn.org

George Barrett #002672
Scott P. Tift #027592
*ACLU-TN Cooperating Attorneys*
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202
Fax: (615) 252-3798
gbarrett@barrettjohnston.com
stift@barrettjohnston.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing "Memorandum in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and/or Preliminary Injunction and Request for an Emergency Hearing" was sent via U.S. Mail and electronic mail to the following this 2nd Day of May, 2011:

**Wesley H. Southerland, Esq.**
American Center for Law & Justice
5214 Maryland Way, Suite 402
Brentwood, TN 37027
615-376-2600 phone
615-345-6009 fax
wsoutherland@aclj.org

_____
Tricia Herzfeld