IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ACLU-TN, et al. | ) |
| | ) |
| v. | ) NO. 3-11-0408 |
| | ) JUDGE CAMPBELL |
| THE SUMNER COUNTY BOARD OF | ) |
| EDUCATION, et al. | ) |

ORDER

Pending before the Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order (Docket No. 8). Plaintiffs' Verified Complaint alleges a pattern and practice by Defendants of violating the Establishment Clause of the U.S. Constitution by endorsing and promoting religion in the Sumner County School System.

The pending Motion asks this Court to issue a Temporary Restraining Order ("TRO") enjoining Defendants from (1) allowing the distribution of Bibles to students on school property during the school day; (2) holding school events at religious facilities when alternate non-religious venues are available; (3) allowing teachers to display religious iconography in the classroom; (4) allowing members of the public unsupervised access to students during the school day in order to proselytize to students; (5) allowing students to read biblical verses or announce prayers over the loudspeaker at an elementary school; (6) allowing teachers, staff and school administrators to lead and/or participate in prayer and religious worship with students during student club meetings or events; (7) not adhering to the school district policy governing the distribution of religious literature and giving preferential access to religious organizations; (8) allowing invocations at school board

1

meetings; and (9) allowing teachers and staff to signal their endorsement of a particular religious faith by allowing religious songs to be overly represented in choir programs.

The Court held a hearing on the Motion on May 2, 2011, which was attended by counsel for all parties. For the reasons stated from the bench at the hearing and described herein, the Emergency Motion for a Temporary Restraining Order is DENIED.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer immediate and irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Fed. R. Civ. P. 65; Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006). Based on the Motion, declarations, testimony of witnesses, briefs, pleadings, arguments of counsel and the entire record, the Court finds as follows.

The only alleged unconstitutional behavior which is immediately threatening or imminent is the Teens Against Alcohol and Tobacco Use ("TAATU") program scheduled for May 3, 2011, at Long Hollow Baptist Church. For the following reasons, the Court finds that Plaintiffs have not demonstrated a strong or substantial likelihood of success on the merits of that claim.

In reviewing government actions challenged under the Establishment Clause, the Court uses the three-part test set forth in *Lemon v. Kurtzman*, 91 S.Ct. 2105 (1971). Under that test, in order for a governmental practice to satisfy the Establishment Clause, it must (1) reflect a clearly secular purpose; (2) have a primary effect that neither advances nor inhibits religion; and (3) avoid excessive governmental entanglement with religion. *Doe v. Wilson County School System*, 564 F.Supp.2d 766, 792 (M.D. Tenn. 2008). The parties agree that the *Lemon* test applies to this case.

2

Defendants' witnesses testified that the TAATU program has been offered by Defendants for sixth graders in the Sumner County School System for thirteen years. It is a day-long presentation by health care, law enforcement, mental health and other professionals which includes speakers to the entire group of students and twelve break-out workshops for groups of 20-25 students each. The particular program scheduled for May 3, 2011, combines 400-600 sixth graders from two middle schools. There is a legitimate pedagogical basis for a combined program.

Pat Connor, who is the Safe Schools Coordinator for Defendants, testified that Long Hollow Baptist Church was chosen for the TAATU program because it is the only available facility large enough to accommodate this many students. She testified that no one from Long Hollow Baptist Church is involved in any way with this event. She testified that other alternatives were considered, such as the Gallatin City Center and Volunteer State Community College, but those venues were either not available or not large enough. She is not aware of any alternative venues which would accommodate this program.

On the record before it, the Court finds that the purpose of the TAATU program is secular. There is no evidence before the Court that the content or intent of this program is religious.

The Court also finds that the primary effect neither advances nor inhibits religion. The facility is identified through a sign as Long Hollow Baptist Church. A church, of course, is a religious symbol. Defendants presented photographic evidence, however, that this particular church has no religious symbols or imagery of any kind in the rooms to be used by the school system. The photos show no crosses or other icons, no Bibles, no pictures of Biblical characters, nothing of a religious nature. Based on this record, the Court finds that the fact that the facility is a church, standing alone, is not sufficient to carry Plaintiffs' burden of showing that this program violates the

Establishment Clause by advancing religion. *See Porta v. Klagholz*, 19 F.Supp.2d 290, 301-02 (D. N.J. 1998).

The case cited by Plaintiffs, *Does v. Enfield Public Schools*, 716 F.Supp.2d 172 (D. Conn. 2010), is plainly distinguishable from this case. In *Enfield*, the church at issue was a cathedral with an enormous cross on the roof and large crosses in the lobby and at the back of the stage; stained glass windows depicting religious scenes and symbols; prints depicting scenes from the Bible or quoting biblical passages; and carpet containing images of Christian symbols such as a chalice, a lamb and a shepherd. *Id*. at 189. The Court in *Enfield* found that holding a graduation ceremony at this cathedral was an impermissible endorsement of religion.

In *Does v. Elmbrook Joint Common School District No. 21*, 2010 WL 2854287 (E.D. Wis. July 19, 2010), the Court found no violation of the Establishment Clause, despite the presence of large crosses; Bibles and hymnals; religious banners, symbols and posters; Bible quotes inscribed in wood; and religious literature displayed throughout the church at issue. *Id*. at * 3.

The evidence before this Court demonstrates that the symbols or depictions of religion at Long Hollow Baptist Church fall far short of either of these two cases.

In addition, although the Court notes the ongoing close relationship between the school system and this church could be undue entanglement, the Court finds that Plaintiffs have not carried their burden of showing excessive entanglement as to this specific event.

Because the event is secular and the effect does not promote or advance religion, Plaintiffs have not demonstrated that they will suffer immediate and irreparable harm if injunctive relief is not granted. The balance of relative harms among the parties weighs in favor of the Defendants against the Plaintiffs on this claim, particularly given the immediacy of the event and the impossibility of

moving it to another venue on such short notice. Finally, the Court finds that the public interest will not be harmed by denying injunctive relief in this matter.

For these reasons, and as stated at the hearing, Plaintiffs' Emergency Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE