```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

ACLU-TN, et al.,                )
                                )
        Plaintiffs              )    No. 3:11-0408
                                )    Judge Sharp/Brown
v.                              )    **Jury Demand**
                                )
THE SUMNER COUNTY BOARD         )
OF EDUCATION, et al.,           )
                                )
        Defendants              )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. **Jurisdiction, Venue, and Service of Process.** This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 1343(3) and (4), 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c). Proper service of process has been accomplished on all parties.

2. **The Parties; Theories of the Case.**

    **(a) Plaintiffs' Theory of the Case.** All Doe Plaintiffs are alleging multiple violations of the constitutional rights to be free from the government endorsement of religion. Plaintiffs claim numerous events which, taken together, establish a pattern and practice of systematic endorsement of a particular religious doctrine by Defendants. Plaintiffs ask only for a declaratory and

injunctive relief, as well as nominal damages and attorneys' fees and costs.

> **(b) Defendants' Theory of the Case.** Defendants dispute that they have engaged in any patter or practice of endorsing religion in violation of the constitutional rights of Plaintiffs. As such, Defendants dispute that Plaintiffs are entitled to any relief, declaratory, injunctive or monetary.

3. **Amendments to the Pleadings.** Any motions to amend the pleadings shall be filed on or before **September 30, 2011.**

4. **Initial Disclosures and Discovery.** The parties are reminded that before filing any discovery dispute motion they must conduct a telephone conference with the Magistrate Judge about the matter. If the dispute is complicated the parties should submit to the Magistrate Judge one full business day before the telephone conference a joint statement of the disputed issues.

> **(a) Initial Disclosures.** The deadline to exchange the information specified by Fed. R. Civ. P. 26(a)(1) is **July 1, 2011.**

> **(b Discovery Deadlines.** All discovery shall be completed by the close of business on **October 17, 2011.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **September 30, 2011.**

The parties shall declare to opposing parties the identity of their expert witnesses and provide all the information

2

specified in Rule 26(a)(2)(B) by **August 15, 2011**. Any and all expert depositions shall be completed by **October 17, 2011**.

**(c) Limitations on Depositions**. The Plaintiffs requested 40 depositions during the discovery phase of this litigation. The Defendants contended that 20 depositions should be sufficient. The Magistrate Judge will initially set the number of depositions at **20**. The parties may, of course, agree to take additional depositions without court order, if the parties have a dispute about the matter that they cannot resolve they may request a telephone conference with the Magistrate Judge to discuss whether additional depositions should be authorized.

**(d) Limitations on Interrogatories**. The parties may serve up to **40** interrogatories in this matter.

The Magistrate Judge is generally of the view that even though an interrogatory may have subparts, it will only count as one interrogatory so long as the subparts are closely related. To the extent that subparts deal with entirely different subjects, they will be counted as separate interrogatories.

The Magistrate Judge would urge the parties to leave off pages of definitions and special instructions and simply ask their questions in a straightforward manner. Such questions deserve a straightforward answer. The practice of filing boiler plate objections to almost every interrogatory and then stating, without waiving the objection, that an answer is provided is not a practice

3

that the Magistrate Judge condones or encourages.  If an objection is going to be made that the interrogatory is burdensome, there needs to be some specific facts as to how it is burdensome.  Simply stating a conclusion whether or not an interrogatory is burdensome vague, broad, an invasion of work product, or other labels, will need some supporting facts.

    **5. Protective Orders.**  Prior to the taking of their depositions, Plaintiffs, who have filed this action anonymously, intend to seek a protective order to protect their identities from disclosure.  The Defendants advised they do not object to the entry of such a protective order and the Magistrate Judge will sign an agreed protective order when submitted.  In the interim, the parties should continue to use the pseudonyms in their filings.

    **6. Dispositive Motions.**  The parties propose that all dispositive motions shall be filed by **December 22, 2011**; any response thereto shall be filed by **January 23, 2012**.  Any reply brief, limited to **five pages**, shall be filed by **February 8, 2012**.  Briefs shall not exceed **25 pages**.  If dispositive motions are filed early, the response and reply dates are moved up accordingly.

    Discovery is not stayed pending the resolution of dispositive motions absent a separate Court order.

    **7.     Prospects for Settlement/Alternative Dispute Resolutions**. There are currently no settlement negotiations.  Though settlement has been discussed, negotiations have not progressed.  The parties

are unable to evaluate prospects for Alternative Dispute Resolution until the completion of discovery. A telephone conference to discuss case progress and the possibility of alternative dispute resolution is set for **September 8, 2011, at 2:00 p.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

8. **Trial.** The parties expect that the jury trial in this matter will take approximately five days. After consulting with Judge Sharp's courtroom deputy, this matter is set for a Jury trial on June 12, 2012 at 9:00 a.m. with the Final Pretrial Conference set for May 21, 2012 at 1:00 p.m.

It is so **ORDERED**.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge