IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ACLU-TN, et al., | ) |
| | ) Civil Action No.: 3:11-cv-0408 |
| | ) |
| Plaintiffs, | ) Judge Kevin Sharp |
| | ) Magistrate Judge Joe Brown |
| v. | ) |
| | ) |
| | ) |
| THE SUMNER COUNTY | ) |
| BOARD OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] STIPULATION AND PROTECTIVE ORDER

The parties hereby STIPULATE, and the Court ORDERS, as follows:

1. This Stipulation and Protective Order ("Order") shall govern the disclosure and use of all confidential information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Order.

2. By entering into this Order, the parties do not intend to waive any objections raised in response to discovery. Nothing in this Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure of any confidential information, including information that would lead to the disclosure of the Plaintiffs' actual identities.

3. The following shall be designated as "CONFIDENTIAL" for purposes of this litigation:

a. The actual identities of the Plaintiffs and any identifying information (including but not limited to names, nicknames, addresses, identifying traits or experiences, or any other information that could reasonably make their identities vulnerable to exposure) that arises in discovery that would enable a defendant or member of the public to ascertain the actual identity of any Plaintiff; and

b. Any Personally Identifiable Information, as defined in 34 C.F.R. § 99.3, a regulation implementing the Family Educational Rights and Privacy Act of 1974.

Documents or information designated "CONFIDENTIAL" shall not be exhibited, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with this litigation. The persons authorized to receive Confidential information and documents shall be limited to: the Court and its officers, any attorneys who have entered appearances in this action on behalf of any of the parties, any law clerks, paralegals, legal assistants, or other support staff of any attorneys who have entered appearances for a party in this action, if the disclosure is necessary to allow the attorneys to fully and fairly represent that party, and any court reporters stenographically recording depositions in this action, if the disclosure takes place during those depositions.

4. All depositions of pseudonymous Plaintiffs will be closed to all except counsel for both parties. Plaintiffs who have not reached the age of majority will be permitted to have their named next friend attend their deposition. If any Plaintiff attends any deposition other than his or her own or that of his or her minor child, said Plaintiff shall identify him- or herself on the record according to the pseudonym he or she has adopted for purposes of this litigation.

5. All depositions of both Plaintiffs and Defendants will be recorded by stenography only. No depositions will be subject to video recording.

2

Case 3:11-cv-00408    Document 76    Filed 07/13/11    Page 2 of 4 PageID #: 540

6. During the course of depositions, Plaintiffs will identify themselves only by their pseudonyms. In the event a Plaintiff does disclose his or her actual name, the court reporter shall substitute the pseudonym in the transcript.

7. Depositions of Plaintiffs shall take place at the Nashville offices of Barrett Johnston, LLC, 217 Second Avenue North, Nashville, TN 37201, in an effort to preserve anonymity.

8. Each Plaintiff's deposition transcript shall be deemed confidential for a period of twenty days after Plaintiffs' counsel's receipt of the transcript, during which time Plaintiffs' counsel may identify any portion of the transcript that they believe should remain confidential to ensure protection of the individual's identity. Once Plaintiffs' counsel informs Defendants' counsel, in writing, of those portions they believe should remain confidential, Defendants' counsel will have twenty days to notify Plaintiffs' counsel of any objections to the portions so identified, to attempt in good faith to resolve the issues, and if unsuccessful, to seek relief from the court. If it becomes necessary to seek relief from the court, the parties agree that the transcript portions identified will remain confidential during the pendency of any such motion. The attorneys of record are responsible for employing reasonable measures to ensure the confidentiality of all such portions until any disputes regarding confidentiality are resolved.

9. Upon the termination of this litigation, the provisions of this Order shall continue to be binding, except with regard to those documents and information that have become a matter of public record.

10. Upon written request by Plaintiffs' counsel following the termination of this litigation, the Defendants' counsel shall return or destroy all documents or information designated as "CONFIDENTIAL" that pertains to the actual identities of the Plaintiffs.

3

Case 3:11-cv-00408   Document 76   Filed 07/13/11   Page 3 of 4 PageID #: 541

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions set forth in the foregoing Order.

IT IS SO ORDERED.

/S/ Joe B. Brown

JOE BROWN
United States Magistrate Judge

AGREED AND APPROVED FOR ENTRY:

/s/ Scott P. Tift
Tricia Herzfeld
Legal Director
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
Fax: (615) 691-7219
tricia@aclu-tn.org

George Barrett
Scott Tift
ACLU-TN Cooperating Attorneys
BARRET JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202
Fax: (615) 252-3798
gbarrett@barrettjohnston.com
stift@barrettjohnston.com

*Attorneys for Plaintiffs*

/s/ Carly F. Gammill by SPT with permissions
Larry L. Crain
Carly F. Gammill
Wesley H. Southerland

4